# Booker *v.* The State.

*Indictment for Assault with Intent to Rob or Murder.*

1. *Error without injury in giving charge at first refused.*—When a charge asked is improperly refused, but the jury are afterwards recalled, before they have returned a verdict, and the charge is then given to them, the judge informing them that he has changed his opinion, the error is cured, and can work no injury.

2. *Charge as to sufficiency of proof of identity.*—Where the identity of the defendant as the criminal agent depends on the testimony of the prosecutrix alone, a charge asked, instructing the jury that, "if she may be mistaken in his identity, then the jury ought to acquit him," is properly refused; since a mere possibility of mistake, as to his identity, is not the equivalent of that insufficiency of proof which, as matter of law, generates a reasonable doubt, and requires an acquittal.

3. *Charge as to proof of good character.*—A charge asked, instructing the jury that proof of good character in a criminal case, if believed by them, "is sufficient to generate a reasonable doubt of the defendant's

[Booker v. The State.]

guilt," is properly refused; since, while such evidence is admissible for the purpose of generating a reasonable doubt of guilt, its sufficiency is a question for the decision of the jury.

FROM the Circuit Court of Dallas.

Tried before the Hon. JOHN MOORE.

The defendant in this case was indicted for an assault on Mrs. Ruth Shaddock, with intent to murder her, as alleged in the first count, or, as alleged in the second count, with intent to rob; and on the trial, issue being joined on the plea of not guilty, he was found guilty as charged in the first count. On the trial, as the bill of exceptions states, Mrs. Shaddock was examined as a witness for the State, and testified to the circumstances of an assault upon her, at her store in East Selma, about seven o'clock in the evening of Saturday, April 9th, 1884; and she identified the defendant as the assailant, although she had then only seen him once before, when he entered her store in the morning of the same day. The defendant, who was a young negro about twenty years old, was arrested by a policeman, a few days after the commission of the offense, from the description given by the prosecutrix. After his arrest, and while in the mayor's office in company with several other negroes, the prosecutrix was carried into an adjoining room by the city marshal, and asked to point out the assailant; and she testified on the trial that she then pointed out the defendant, "whom she recognized by his features, dress, and general appearance." The city marshal, being examined as a witness on the part of the defendant, testified that the prosecutrix, on the occasion mentioned, "as he understood her, pointed to a negro sitting by the defendant; but that soon afterwards, said negro being arraigned for trial before the mayor for said offense, and Mrs. Shaddock being brought in as a witness against him, she said he was not the guilty person, and, pointing to the defendant, said he was the one who did it." The defendant adduced proof of an *alibi*, and also proof of his previous good character up to the time when he left the place where he was raised, about two years before the commission of the offense. "The court charged the jury, among other things, that it was their duty to consider the evidence as to the defendant's good character, in connection with all the other evidence in the case, and when so considered, if they had a reasonable doubt as to his guilt, they must acquit him;" but refused to instruct them, on the written request of the defendant, "that the good character of the defendant, up to his eighteenth year, is sufficient to generate a reasonable doubt of his guilt, if the jury so believe." An exception was duly reserved to the refusal of this charge, and this is the only matter shown by the bill of exceptions as reserved.

[Booker v. The State.]

A motion was entered on the docket in this court, supported by affidavits, to amend the bill of exceptions, by making it show that a charge was asked by the defendant in writing, and refused by the court, in these words: "If the jury believe that the only evidence of the defendant's guilt is in the testimony of Mrs. Shaddock, and that she may be mistaken in his identity as the man who assaulted her, then they ought to acquit him;" and that an exception was reserved by the defendant to its refusal. It was admitted that this charge was asked in writing by the defendant, and was at first refused by the judge, and an exception was duly reserved to its refusal; but the presiding judge refused to incorporate these facts in the bill of exceptions, because, after the jury had retired about twenty or thirty minutes, and while they were considering their verdict, he had them recalled into the court-room, informed them that he had changed his mind as to this charge, and then gave it to them; and it is stated in the affidavits that this was done in the presence of the defendant and his counsel, "neither of them objecting to the court then giving said charge, but not waiving in any way their exception to its refusal when asked."

B. F. SAFFOLD, for the appellant.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—There is a motion in this case to establish a bill of exceptions, or, rather, to amend the one signed by the presiding judge and found in the record. The exact motion is, to have the record show the judge's ruling on a charge asked, and not shown in the transcript. The testimony is, that before the jury retired the charge was asked in writing, and was refused. Twenty or thirty minutes after the jury had retired, and before they returned a verdict, they were brought back into court, and the identical charge previously refused was given to them, the judge informing them he had changed his mind. We do not think the court erred in this. Such rulings are not infrequent in practice, and we can not conceive of any injury likely to ensue from such practice.—Thompson on Charging Juries, §§ 93, 97; *Hall v. State*, 8 Ind. 439. Illegal evidence admitted, and afterwards distinctly and clearly withdrawn from the jury, presents no reversible error; and all will admit that, in such case, the jury is much more likely to be biased, than they would be by an error in charging, but afterwards corrected.—*State v. Givens*, 5 Ala. 747; *DeGraffenreid v. Thomas*, 14 Ala. 681.

There is another and better reason why the bill of exceptions should not be amended as moved for. The charge is at least

VOL. LXXVI.

[Booker v. The State.]

misleading, if indeed it is not positively erroneous. The only evidence that the accused was the guilty party, was that of Mrs. Shaddock, on whom the assault was committed. It was contended that she had not sufficient knowledge to identify the prisoner with requisite certainty. The charge asked was, that if Mrs. Shaddock "may be mistaken in his identity, then the jury ought to acquit him." The most natural import of this language is, that the prisoner was entitled to an acquittal, if there was a possibility that the witness was mistaken as to his identity. This is not the law. The rule is, that if on the whole testimony the jury entertain a reasonable doubt, then there ought to be an acquittal. Identification was one of the necessary facts in proving the guilt; and if the jury entertain a reasonable doubt of the establishment of this indispensable fact, the prisoner should have been acquitted. A mere possibility of mistake, however, is not the equivalent of that insufficiency of proof, which, as matter of law, generates a reasonable doubt, and demands acquittal.—Clark's Manual, § 2490. The charge being rightly refused, the moveant presents no case for amending the bill of exceptions.

The charge asked and refused, as shown in the bill of exceptions, asserts, as matter of law, that previous good character is sufficient to generate a reasonable doubt, if the jury so believe. If by this charge it is meant to assert, that if the jury believe the defendant has established a previous good character, then that is sufficient to generate a reasonable doubt, this is stating the principle too strongly. Sufficiency of oral testimony is always a question for the jury. The true rule is laid down in *Felix's case*, 18 Ala. 720, 725, in the following language: "The good character of the party accused, satisfactorily established by competent witnesses, is an ingredient which ought always to be submitted to the consideration of the jury, together with the other facts and circumstances of the case. The nature of the charge, and the evidence by which it is supported, will often render such ingredients of little or no avail; but the more correct course seems to be, not in any case to withdraw it from consideration, but to leave the jury to form their conclusion upon the whole of the evidence, whether an individual, whose character was previously unblemished, has or has not committed the particular crime for which he is called upon to answer." The charge asked asserts that previous good character, if found to exist, is *sufficient* to generate a reasonable doubt. The rule declared is, that it is but an ingredient to be weighed by the jury. The former asserts its sufficiency as matter of law. The latter submits its sufficiency to the consideration of the jury, and allows them to make it the basis of a reasonable doubt.—See, also, *Hall v. The State*, 40 Ala. 698.

[Jackson v. The State.]

If we are mistaken in our interpretation of the charge, then it is obscure and calculated to mislead, and for that reason was properly refused.

The judgment of the Circuit Court is affirmed.