PEDRO BENAVIDES v. THE STATE.

*No. 55. Decided October 22.*

1. **Practice—Recalling Jury and Giving Additional Instructions Ex Mero Motu by the Court.**—Under the law as it formerly existed, after the retirement of the jury the trial judge was inhibited in any case from "making any further charge, unless on application of the jury, or a party or his counsel." Pasch. Dig., art. 1464. This rule, however, was changed on the adoption of the Revised Statutes of 1879, the inhibition having been omitted in the revision.

2. **Same—Bill of Exceptions to Charge.**—Under the practice as it now obtains in this State, it is required that an exception to the charge to the jury must be taken prior to the return of the verdict, and that such exception must point out with particularity the supposed error. *Held*, that where such bill of exception has been taken, a party has no right to be heard to complain if the error which he thus points out is cured by proper instructions by the court, and by this means his legal rights are secured to him.

3. **Same.**—The judge may, of his own motion, recall the jury and give them further instructions, whenever he considers it necessary to do so; provided always, however, that the defendant is present when such additional instructions are given, or has waived his right to be present.

4. **Same.**—The authority of the court to give additional instructions of its own motion is not abridged by the statute which authorizes the jury to ask further instructions of the court touching any matter of law, as provided in article 1321 of the Revised Statutes.

APPEAL from the District Court of Duval. Tried below before Hon. A. L. McLANE.

This appeal is from a judgment of conviction for horse theft, the punishment being assessed at five years in the penitentiary.

In view of the questions on which the case was disposed of on appeal, it becomes unnecessary to make a statement of the facts of the case.

After the court had read its charge to the jury, defendant, by counsel, excepted to the same, and asked additional instructions, which were re-

fused.    Some thirty minutes or more after the jury had retired to consider of their verdict, it is made to appear by defendant's bill of exceptions in the record, that the court, of its own motion, had the jury recalled into the jury box, and submitted to them an additional charge on the subject of circumstantial evidence, over objection of defendant. The supposed error committed by the court in this action is the matter discussed in the opinion of the court on this appeal.

*Coopwood & Coopwood*, for appellant, filed an elaborate brief in the case, and, among other propositions, insisted, " that the court erred in its action and ruling, and in recalling the jury after they had retired to consider their verdict, and in giving to them, of its own motion, its additional charge on circumstantial evidence." Goss v. The State, 40 Texas, 521; Taylor v. The State, 42 Texas, 504; Newman v. The State, 43 Texas, 525; Post v. The State, 10 Texas Ct. App., 601; Wharton v. The State, 45 Texas, 2; Myers v. The State, 8 Texas Ct. App., 328; Hannahan v. The State, 7 Texas Ct. App., 611; Code Crim. Proc., arts. 677, 696, 678, 679, 680, 684, 685.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE —This appeal is prosecuted from a conviction of horse theft.

Counsel for appellant prepared and requested the court to give the jury several instructions, all of which were refused except one, because substantially they had already been given in the charge of the court.    Upon an inspection of the record, we are of opinion that the court was correct. Repetition of charges is not necessary. Willson's Crim. Stats., sec. 2354.

During their retirement, and prior to their verdict, the court, of its own motion, had the jury recalled into open court, and gave them an instruction with reference to the law of circumstantial evidence.    This action of the court was excepted to, because the court is invested with no authority, of its own motion, to recall the jury after their retirement, and give additional charges; and the charge as given was also excepted to, because it did not state correctly the law on the subject.    The charge as given is not subject to the criticism sought to be urged against it.    It is contended by appellant that the court had no authority to recall the jury, of its own motion, after their retirement, and give the additional instruction.    In support of this proposition, we are cited to the latter clause of article 1464 of Paschal's Digest, which provides that, " all charges or instructions, whether given by the judge of his own accord, or upon request of counsel or parties, may be carried from the bar by the jury in their retirement, and no judge shall in any case make any further charge, unless on the application of the jury or a party or his counsel."    This arti-

cle applies as well to criminal as civil causes.   Goss v. The State, 40 Texas, 520; Taylor v. The State, 42 Texas, 504; Garza v. The State, 3 Texas Ct. App., 286.

The construction placed on that portion of the quoted statute which provided, that "no judge shall in any case make any further charge, unless on the application of the jury or a party or his counsel," was to the effect, that it was an express inhibition upon the authority of the court, of its own motion, in any case, to give additional instructions to the jury after their retirement.   Same authorities.   This limitation, however, upon the power of the court was omitted by the Legislature in revising the codes in 1879, and was therefore abrogated, and since the adoption of the codes has ceased to be the law in this State.   Rev. Stats., arts. 1316, 1317, 1319, 1321.   The decisions cited by appellant are not in point, and are no longer authority in this State, because rendered under the repealed act.

In felony cases the court is required to deliver the jury a written charge, in which the law applicable to the facts shall be distinctly set forth.   The judge is prohibited from expressing an opinion as to the weight of the evidence, as well as from summing up the testimony; and he is required to give such charge whether asked or not.   Code Crim. Proc., art. 677.   When the charge has been given, the defendant may reserve his bill of exceptions thereto, in order that the same may be revised upon appeal.   Code Crim. Proc., art. 686.   This bill, in order to entitle it to consideration on appeal, must point out the error complained of with particularity.   It is not sufficient that the charge is assailed by it in a general way or in general terms.   Williams v. The State, 22 Texas Ct. App., 497; Smith v. The State, 22 Texas Ct. App., 316; Hennessy v. The State, 23 Texas Ct. App., 340; Peace v. The State, 27 Texas Ct. App., 83; Quintana v. The State, 29 Texas Ct. App., 401.   It is also necessary that such exception must be taken prior to the return of the verdict of the jury.   McCall v. The State, 14 Texas Ct. App., 353; Phillips v. The State, 19 Texas Ct. App., 158; Bogan v. The State, 30 Texas Ct. App., 466.   If the court could not recall and properly instruct the jury when his attention was called to the defects pointed out by the exception, we would have the strange condition of a fatal error being pointed out by the exception, and yet the court legally helpless to cure the evil or remedy the wrong; and we would be confronted with the stranger proposition still, that a party, after excepting to an erroneous instruction, would be heard to successfully complain that the error of which he complained was cured by proper instructions, and by this means his legal rights secured to him.   We entertain no doubt as to the correctness of the action of the court in this matter.

When an omission or error has been discovered in the charge, whether by the court or counsel, it is the right, and may become the duty, of the

court to rectify the error by a proper charge, and to this end the jury may be recalled into open court and properly instructed, provided the defendant be present. Mr. Thompson, in his valuable work on Trials, says: "We have seen that it is the right, and sometimes the duty, of the judge to instruct the jury on questions of law, although not requested to do so, except where the practice is not enjoined by statute. We have also seen that the judge may rightfully modify or revoke instructions which he has given to the jury, which, on further reflection, he concludes to be erroneous. It necessarily results from this that the judge may, of his own motion, recall the jury, and give them further instructions, whenever he considers it necessary to do so." 2 Thomp. Trials, secs. 2363, 2353.

The limitation upon this privilege or power of the court in this State is found in the right of the defendant to be present when such action on the part of the court is had. This right the defendant can waive. Subject to such limitation, the jury may be recalled by the court, of its own motion, and such legal and necessary additional instructions may be given them as "the law of the case" makes necessary, or the testimony may require. Sack. Instruct. Juries, sec. 31; Thomp. Char. Juries, 131, 132; 11 Am. and Eng. Encyc. Law, 256, 257, and notes; Nicholson v. The State, 38 Md., 153; Jones v. Van Patten, 3 Ind., 107; Hall v. The State, 8 Ind., 439, 444; The State v. Pitts, 11 Iowa, 343; Lee v. Quirk, 20 Ill., 392; Davis v. Fish, 2 G. Greene, 447; O'Connor v. Guthrie, 11 Iowa, 80; Campbell v. Beckett, 8 Ohio St., 210; Hoberg v. The State, 3 Minn., 262 (Gil., 181); Breedlove v. Bundy, 96 Ind., 319; The People v. Perry, 65 Cal., 568; Alexander v. Gardiner, 14 R. I., 15; Booker v. The State, 76 Ala., 22, 24. Nor is this privilege and authority in the court abridged by the statute which authorizes the jury to ask further instructions of the court touching any matter of law. The court did not err in this matter. The charge of the court sufficiently presents the law applicable to the facts adduced. Having found no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.