### GEORGE E. BELL v. THE STATE.

*No. 221. Decided December 2.*

1. **Murder—Defendant's Presence at and Right to be Confronted with the Witnesses on His Trial — Constitutional and Statutory Law.**—Article 1, section 10, of the Constitution, and article 25, Code of Criminal Procedure, each declare, that "the accused shall be confronted with the witnesses against him," and article 596, Code of Criminal Procedure, declares, that the defendant must be personally present on the trial. On a trial for murder, where it appeared that after examination in chief of the last State witness was concluded, and the cross-examination begun, it was discovered that the accused was absent from the court room, he having been taken by the sheriff to jail, through mistake, before the witness was placed on the stand; whereupon further proceedings were suspended, the testimony of said witness was withdrawn from the jury, and the court then adjourned, but the witness mentioned was not again recalled to testify at the trial. *Held*, that inasmuch as the witness had testified to important facts during the absence of defendant, there being no waiver on the part of defendant, the conviction could not stand, because in contravention of the above mentioned constitutional and statutory requirements.

2. **Same — Practice — Withdrawal of Inadmissible Evidence.**— Where a defendant's presence at his trial is required by the Constitution and laws, and is not waived by him, and evidence is adduced in the case during his absence, *held*, that the error is not cured by subsequently withdrawing the incompetent and inadmissible evidence from the jury.

3. **Evidence — Inspection of Clothing of Deceased by Jury in their Retirement—New Trial.**—Where, on a trial for murder, the clothing of deceased, which had been introduced in evidence, was delivered to and carried by the jury to their retirement, without objection on the part of defendant: *Held*, that the clothing having already been introduced in evidence, and it not being made to appear that the jury received any additional prejudicial evidence thereby, the statutory rule as to new trial (article 777, Code of Criminal Procedure), where the jury "have received other testimony," does not apply.

4. **Case Overruled.**—In so far as the doctrine announced in Bouldin's case, 8 Texas Criminal Appeals, 332, conflicts with the above, that case is overruled.

APPEAL from the District Court of Nolan, on change of venue from Mitchell. Tried below before Hon. WM. KENNEDY.

On his trial under an indictment which charged him with the murder of one W. D. Gooch, in Mitchell County, Texas, appellant was convicted, in Nolan County, Texas, where the case had been properly taken by change of venue, of murder in the second degree, his punishment being assessed at thirty years imprisonment in the State penitentiary.

In view of the disposition made of the case on this appeal, it is unnecessary to make any general statement.

The following are the facts relative to the examination of a witness at the trial, while the defendant was absent from the court room, as shown by the bill of exceptions.

During the progress of the trial, at about half-past 5 o'clock in the afternoon, on Tuesday, April 11, 1893, the court announced it would take a recess until 7 o'clock p. m.; whereupon all counsel prepared to leave the court room, and the sheriff in charge of the defendant, George E. Bell, did at once take said defendant from the court room and proceeded with him to the jail, a distance of about 150 yards; and thereupon, and after the said defendant had been taken from the court room by the sheriff, the counsel for the State announced to the court that they had another witness for the State present, and in the court room, which witness, said counsel stated, they wished then and there to place upon the stand, after which they would be ready to rest their case; and thereupon and during the absence of defendant, one M. Carter, a witness for the State, was placed upon the stand, and after being duly sworn, testified as follows: "I am county attorney of Mitchell County. Was county attorney at the time Dr. Gooch was killed. I know or heard of a difficulty between Dr. Gooch, Tom Powers, and defendant some two or three weeks before Dr. Gooch was killed. After that time there existed great enmity between Gooch and Powers and defendant. The defendant stayed about Tom Powers' saloon most of the time. I never saw Dr. Gooch about there after said difficulty. I don't think he went down in that part of town, but seemed to avoid going about Tom Powers' saloon. The next day after the killing of Dr. Gooch I noticed two impressions upon the side of Synder's building. In my opinion they were both made by pistol shots fired from towards the Senate Saloon. The one furtherest west was in the mortar between the bricks, and was from a half to three-quarters of an inch deeper than the other one." Thus giving very material evidence against the defendant.

When the State had finished the examination of said witness, and counsel for defendant started to proceed with the cross-examination, the court called attention to the fact that the defendant had been and was then absent, and that they would proceed no further with said witness, and told the jury not to consider the testimony of said witness. During all

the time said witness was testifying, and when said statements were made by the court, the defendant was absent from the court house, and in the custody of the sheriff, by whom said defendant had been carried from the court house to the jail, as above stated, and he was entirely out of the hearing of said proceeding; said entire proceeding was wholly without the knowledge or consent of defendant, and defendant at no time waived his presence from the trial, and he did not authorize his counsel or any one else to waive his presence; he was not at any time voluntarily absent from the trial; and counsel for defendant in no way consented to the introduction of the testimony of said witness during the absence of defendant, and they knew not of defendant's absence until their attention was called thereto by the court, and they immediately thereupon excepted to all of said proceedings which had been had in the absence of defendant, as aforesaid.

*Ball & Burney, Smallwood & Smith,* and *Cowan & Fisher,* for appellant.—1. The court erred in permitting the testimony of the State's witness M. Carter to be detailed to the jury in the absence of the defendant from the court house, and while the defendant was not within the hearing of the testimony which was given by said witness, the said defendant having been involuntarily taken from the court house by the sheriff of the county in attendance upon said court, in whose custody he was, the said defendant being thereby deprived of the right of being confronted by said witness; and further, because the defendant was deprived of the right of being present on the trial during said proceedings, when he in no way consented to such absence, and in 'no way waived his right of being present; and further, because the defendant was deprived of the right of cross-examining said witness; all of which is more fully shown by defendant's bill of exception number 5 and by the statement of facts in this cause, and by the affidavits of defendant and his counsel attached to his amended motion for a new trial in this cause, to all of which reference is here made.

It is an improper practice on the trial of a felony case to take any step or have any proceeding, however trivial, formal, or unimportant it may appear to be, where the defendant is not present; and it is material error which will require a reversal of the judgment where such proceeding is had during the trial of the case in the absence of the defendant, and it is not material to inquire whether such proceeding was calculated to injure the rights of the defendant or not.   When the right to be present on the trial is denied, the injury is presumed; the being deprived of the right is itself the injury.   Code Crim. Proc., arts. 596, 695–698; Mapes v. The State, 13 Texas Cr. App., 85; Gordon v. The State, 13 Texas Cr. App., 200; Rudder v. The State, 29 Texas Cr. App., 264; Shipp v. The State, 11 Texas Cr. App., 46; Granger v. The State, 11 Texas Cr. App.,

454; Barton v. The State, 9 Texas Cr. App., 261; The State v. Greer, 22 W. Va., 800; 9 Am. and Eng. Encycl. of Law, 657, and foot notes, "Homicide;" Allen v. The Commonwealth, 6 S. W. Rep., 645; Maurer v. The People, 43 N. Y. Ct. App., 1; Cool. Const. Lim., 388; Hopt v. Utah, 110 U. S., 574; Roberts v. The State, 12 N. E. Rep., 500; Cook v. The State, 31 Am. Rep., 31; The State v. Smith, 59 Am. Rep., 4; Lewis v. United States, 146 U. S., 370.

2. The defendant in all criminal prosecutions shall be confronted with the witnesses against him. This is one of the guarantees of the Constitution of this State, and of the United States, and also of the common law; and being deprived thereof, the defendant has not been legally convicted, and the judgment of conviction should not be permitted to stand. Const. Texas, art. 1, sec. 10; Const. U. S., 6th amendment; Chester v. The State, 23 Texas Cr. App., 577.

3. The court erred in permitting the jury to take with them in their retirement to consider of their verdict, after the case had been submitted to them upon the charge of the court, the pistol which he had and used, and also the clothes which the deceased, W. D. Gooch, had upon him when killed, which clothes were very much stained and besmeared with blood, same consisting of a heavy undershirt, an overshirt, a vest, a coat, and a large necktie, which had been testified about and exhibited to the jury, as is shown by the nineteenth paragraph of the defendant's amended motion for a new trial, and the affidavits thereto attached in support thereof; because the jury, by the carrying with them and examination and inspection of said pistol and clothes, after they had so retired, constituted themselves witnesses, and ascertained matter and considered evidence that was not publicly developed on the trial, and concerning which defendant had no opportunity to examine them as witnesses; and when neither defendant nor his counsel consented to or had any knowledge that said pistol and clothing had been taken by the jury upon their retirement. Bouldin v. The State, 8 Texas Cr. App., 332; Smith v. The State, 42 Texas, 444; Whart. Crim. Ev., 9 ed., sec. 314, and note; Jackson v. The State, 28 Texas Cr. App., 370; Wynne v. The State, 56 Ga., 114.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—A conviction of murder in the second degree was the result of this trial in the court below, the punishment being assessed at thirty years in the penitentiary.

At about half-past 5 o'clock in the evening, the court announced that a recess would be taken until 7. The defendant was conveyed from the court room to the jail. Counsel for the prosecution announced they desired to examine another witness, then in the court room, which would close the State's case. After the State had concluded the examination

of this witness, and just as counsel for the defense began their cross-examination, the court discovered and announced the absence of the accused, suspended further proceedings, withdrew the testimony of the witness from the consideration of the jury, and adjourned the court.　More than one important fact was elicited from this witness, and he was not recalled during the further progress of the trial.　This is urged as being fatal to the conviction.　The question of waiver by defendant is not in this case, and a discussion of that matter is pretermitted.

It is declared by the Bill of Rights, that the accused " shall be confronted with the witnesses against him.'" Const., art. 1, sec. 10.　It is also provided by law, that " The defendant upon a trial shall be confronted with the witnesses."　Code Crim. Proc., art. 25.　And it is expressly enacted by the statute, that " In all prosecutions for felonies, the defendant must be personally present on the trial."　Code Crim. Proc., art. 596.

After the accused is placed upon his trial, every step taken to secure his conviction should be in conformity with the statutes, and he must be present during the entire trial, unless he waive his presence.　Code Crim. Proc., arts. 695–698, 701; authorities above cited, also.　Every right guaranteed him under the provisions above cited should be strictly observed, for these rights are the safeguards of the citizen, and beyond the power of the courts to disregard or ignore.　The power to disregard one implies the power to ignore all.　He can not be deprived of these rights without his consent, had in a proper way, and the court should see to it that these provisions of law are not violated during trials had before them.　Massey v. The State, 31 Texas Cr. Rep., 371.　They insure the presence of the accused during his trial, at every stage of it, and are essential to the due administration of justice, to the end that he may obtain a fair and impartial trial.

There is but one safe guide in such matters, and that is a strict obedience to and conformity with the statutes and Constitution.　It is not always requisite to inquire whether harm has been done or injury inflicted by a violation of the provisions of law in this regard.　The mere fact that the peremptory demands of the Constitution and statutes have been violated is sufficient injury.　The withdrawal of the evidence did not reach the error occurring in this case.　Authorities above cited; Massey v. The State, 31 Texas Cr. Rep., 371; The State v. Greer, 22 W. Va., 800; 9 Am. and Eng. Encycl. of Law, 657, " Homicide;" Lewis v. United States, 146 U. S., 370.

The clothing worn by the deceased at the time of the homicide was delivered to and carried by the jury with them in their retirement to consider of their verdict.　No objection was urged to this at the time, but it was made a ground of the motion for a new trial.　The clothing was introduced in evidence, and was thoroughly examined during the trial,

and the witnesses were rigidly questioned in regard to same, and as to everything connected therewith pertaining to the case. It is not contended that the jury made discovery of any testimony or fact from an inspection of the clothing not already known by them and ascertained during the trial, or that they received any additional evidence thereby. In order to authorize the award of a new trial on this ground, it must be made to appear that the jury received testimony therefrom other than that adduced on the trial.

By article 777 of the Code of Criminal Procedure, it is provided, that "new trials, in cases of felony, shall be granted for the following causes, and for no other: * * * 7. Where the jury, after having retired to deliberate upon a case, have received other testimony."

Not only so, but the testimony received must be prejudicial to the accused in its tendency, and calculated to influence the jury adversely to him in finding their verdict. Had this been shown, this court would then be authorized to review that issue, in the light of the case made upon the trial of the motion. As it is made to appear to us, we find no error in this matter.

In so far as Bouldin's case, 8 Texas Criminal Appeals, 332, conflicts with this opinion, it is overruled.

It is insisted, that the evidence does not support the conviction; but in view of the fact that another trial will be had, we refrain from giving our views in regard to that question. The remaining questions presented in appellant's brief are not likely to arise upon another trial, hence they are not discussed.

For the error indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.