Claude GILLIAM, Appellant,

v.

Edward RIGGS (AKA A. E. Riggs, Jr.) and Sarah L. Riggs, Appellees.

No. 6645.

Court of Civil Appeals of Texas. Beaumont.

Nov. 25, 1964.

Rehearing Denied Dec. 30, 1964.

Adams & Browne, Beaumont, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellees.

PARKER, Justice.

On February 13, 1962, Claude Gilliam, as an intervenor, filed suit to set aside a divorce decree and judgment entered on December 16, 1948, in the District Court of Jefferson County, Texas, by which A. E. Riggs, Jr., was granted a divorce from Sarah L. Riggs. Intervenor alleged that the divorce was obtained by fraud practiced upon the District Court of Jefferson County, Texas, because both plaintiff and defendant were residents of the State of Louisiana and neither had lived in the State of Texas for one year prior to the said Riggs having filed suit for divorce. The intervenor's suit to set aside the judgment of divorce between A. E. Riggs, Jr., and Sarah L. Riggs was in all things overruled and dismissed upon the exceptions and plea of abatement urged by A. E. Riggs, Jr., and Sarah L. Riggs with the intervenor, Claude Gilliam, taking nothing on his motion to set aside the judgment of December 16, 1948.

Appellant is Claude Gilliam, the intervenor, whose points of error are as follows:

"1. The trial court erred in holding in effect that a plaintiff does not have to be a resident of the State of Texas for one (1) year immediately preceding the filing of a petition for divorce.

"2. The court erred in holding in effect that Article 4631 of the Revised Civil Statutes of the State of Texas does not apply to a divorce case.

"3. The court erred in holding in effect that Article 4631 is not mandatory.

"4. The court erred in making a holding, which is against the public

policy of the State of Texas, which is against fly-by-night divorce suits."

All points of error will be considered together.

A. E. Riggs, Jr., filed suit for divorce from Sarah L. Riggs on November 15, 1948, in the District Court of Jefferson County, Texas. Sarah L. Riggs waived service on. November 20, 1948. Divorce was granted December 16, 1948, the judgment, on its· face, being regular and valid in all respects. Appellant was not a party to the divorce suit and in no manner alleges that he has any rights, claims or interest which would be prejudiced or injuriously affected by the enforcement of the judgment of divorce. Nevertheless, he seeks to set aside the 1948 judgment, alleging that A. E. Riggs, Jr., fraudulently represented to the District Court of Jefferson County, Texas, that he was a bona fide citizen and inhabitant of the State of Texas at the time he filed such suit and for twelve months prior thereto, when in fact the said Riggs had not been a resident of Texas for twelve months when he filed such suit.

 Article 4631, Revised Civil Statutes of the State of Texas, is mandatory in the residential qualifications of the plaintiff to bring a divorce suit in the State of Texas. Ex parte Scott, (1939) 133 Tex. 1, 123 S.W.2d 306 (answers to certified questions conformed to), 126 S.W.2d 525. The residential requirements must be pleaded and proved. The District Court of Jefferson County had jurisdiction of such suit. It was authorized to grant the divorce upon pleading and proof of residence having been made as required by Article 4631, Revised Civil Statutes of the State of Texas. Upon the trial of 1948 in the District Court of Jefferson County, it will be presumed that evidence was offered supporting and complying with the residential requirements of Article 4631 as the basis for such judgment for divorce. Such court had power to determine the facts on which jurisdiction, as well as the power to grant

the divorce, turned. That decision cannot be attacked ·collaterally. The appellant Gilliam's motion to · set aside the divorce judgment of December 16, 1948, is a collateral attack. It was not a void judgment.

The original petition of A. E. Riggs, Jr., contained the allegation:

"1. That plaintiff is now and for the last 12 months past has been an actual bonafide citizen and inhabitant of the State of Texas, and has actually and continuously resided within the County of Jefferson for a period of more than 6 months preceding the filing of this suit, and the residence of the defendant is non-resident of this county and state."

The judgment itself of December 16, 1948, found that all material allegations of plaintiff's petition were true. The residential prerequisites alleged in plaintiff's petition were found by the judgment to be true and import absolute verity as against the collateral attack on the judgment by appellant.

 On the record before this court, proof on this issue of validity of the 1948 judgment is limited to the judgment and the allegations of plaintiff's petition which the judgment found to be true. Thereby, it is conclusively established that A. E. Riggs, Jr., was a resident of the State of Texas for one year immediately preceding the filing of his petition for divorce from which it follows that the 1948 judgment is valid and subsisting. Easterline v. Bean (Tex. S.Ct. 1932), 121 Tex. 327, 49 S.W.2d 427; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932 (Tex.S.Ct. 1935); 34· Tex. Jur.2d 304, Sec. 325.

 Appellant has shown no right in himself violated by the parties to the divorce action of which he can complain. No facts are alleged that give him a right to bring the suit. Appellant has no cause of action. In order to make a collateral attack ·upon the 1948 divorce judgment, appellant must show a cause of action in him-

self. This he has failed to do and the trial court correctly refused to allow him to attack the judgment. Kieke v. Cox, 300 S.W. 2d 309, Tex.Civ.App. (1957); Mercantile Bank & Trust Co. v. Schuhart, (Tex.S.Ct. 1925) 115 Tex. 114, 277 S.W. 621, 624.

The foregoing established rules in Texas applying to judgments generally apply to divorce judgments with equal, if not more, force than other judgments. Public policy and public morals so demand.

Each and all of appellant's points of error are overruled.

Judgment of the trial court is affirmed.