John Joe CASIAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47362.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

None on appeal, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

---

OPINION

ODOM, Judge.

This is an appeal from a conviction for unlawfully carrying a pistol, wherein the punishment was assessed at a one hundred dollar fine.

No appellate brief has been filed as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and there is no transcription of the court reporter's notes in the record. Nothing is presented for review.

We do note, however, that the appellant was sentenced in absentia after he had executed a written sworn waiver of his right to be present, which was approved by his counsel. Such waiver was filed among the papers of the cause. Thereafter, with his counsel present, sentence was pronounced in open court in absence of the appellant.

The question presented concerns the legality of such procedure.

Article 42.02, V.A.C.C.P., provides:

"A 'sentence' is the order of the court in a felony or misdemeanor case *made in the presence of the defendant,* except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law." (Emphasis supplied.) Article 42.14, V.A.C.C.P., does provide that:

"The judgment and sentence in a misdemeanor case may be rendered in the absence of the defendant."

The apparent conflict between the two statutes was discussed in Millman v. State, 487 S.W.2d 750 (Tex.Cr.App. 1972), wherein this court held that statutes were in pari materia and should be read together and harmonized. In so doing this court held that Article 42.02, supra, controlled as to all misdemeanor cases where the maximum possible punishment could have been confinement in jail, and that Article 42.14, supra, was applicable to all misdemeanor cases where the maximum possible punishment is by fine only.

The instant misdemeanor case involves a maximum possible punishment of confinement in jail, see Article 483, Vernon's Ann.P.C.; therefore, Article 42.02, supra, is applicable. This provision is a definition of "sentence" and is not a statement of rights of a defendant. Although many rights may be waived by a defendant (Cf. Article 1.14, V.A.C.C.P.), a statutory definition may not be altered by consent.

Certain early cases hold that a defendant's right to be present at trial may be waived and that his absence, at most, renders the conviction voidable, but not void. After examining these decisions, we conclude that they do not control the instant case.

In Ex parte Cassas, 112 Tex.Cr.R. 100, 13 S.W.2d 869 (1929), petitioner sought release from confinement, contending that the challenged judgment was void because he was absent from the courtroom during part of the trial. The court considered

prior cases and then current statutes before reaching its conclusion. As authority for the proposition that a defendant can waive his right to be present, the court cited Benavides v. State, 31 Tex.Cr.R. 173, 20 S.W. 369; Bell v. State, 32 Tex.Cr.R. 436, 24 S.W. 418; and Shipp v. State, 11 Tex. App. 46. In *Bell*, the complained of absence was during examination of one of the State's witnesses. In *Benavides* and *Shipp,* the defendant was not present when the jury, having retired, was returned to the court to receive further instructions.

In Sweat v. State, 4 Tex.App. 617 (1878), also cited in *Cassas,* it was stated:

"*. . . [T]o entitle him to a reversal of a judgment of conviction,* it must be made to appear from the record, affirmatively, that he desired to exercise the right of being present, and that this was denied him, in the court which tried the case." (Emphasis added.)

In *Sweat* the defendant had complained of the hearing on his motion for new trial having been conducted in his absence. such was also the case in Cordova v. State, 6 Tex.App. 207 (1879), also cited in *Cassas.*

Thus, in each of these cases cited in *Cassas,* supra, the presence of defendant stated to be a waivable right was at issue under the provisions of statutes held to establish such rights, and the assertion of the violation of those rights was raised in an effort to secure a reversal of conviction. That such rights may be waived today is clear from the relevant provisions of the Code of Criminal Procedure. See Articles 33.03, 36.27, 37.06, V.A.C.C.P. Indeed, some of these provisions had been so amended prior to the decision in *Cassas,* supra.

It will be noted, however, that none of the cases thus far discussed has concerned the presence of defendant at sentencing, which presence is required in Article 42.02, V.A.C.C.P., not as a right, but as an element of the definition of sentencing. Furthermore, failure to enter a proper sentence would not render the conviction void. If there is no sentence, it is not too late to call the defendant before the court and pronounce it "at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment," Article 42.03, V.A.C.C.P. See also Articles 42.05, 42.06, V.A.C.C.P.

These early cases address the questions of whether a conviction should be reversed because of the defendant's absence during some stage in the proceedings and whether the defendant waived his right to be present. Said questions are now answered by certain amended articles of the Code of Criminal Procedure cited above. In contrast to said questions, the question of a defendant's presence at sentencing was never before the court in those earlier cases; it is not answered by the same statutes which control the previous questions; and the statute which *does* control the latter question makes the defendant's presence an element of the definition of sentence rather than a right of the defendant, and has always done so.

In contrast to those cases previously discussed, the cases which concern the presence of defendant at sentencing speak of that requirement as an essential element. If there is no recital that sentence was pronounced in defendant's presence, there was no sentence, and this court is without jurisdiction to entertain an appeal. In Garbs v. State, 155 Tex.Cr.R. 290, 234 S.W.2d 869, this court held:

"There appears no fixed or inflexible form to be used for the sentence. The one mandatory provision is that it 'shall be pronounced in the presence of the defendant * * *.' Art. 768, C.C.P. [Now Art. 42.03]."

More recently, in Mennis v. State, Tex.Cr. App., 493 S.W.2d 799, this court held:

"The recitations in the instrument entitled 'Order Revoking Probation' are not sufficient that the instrument may also

serve as the sentence in this case. *It does not reflect that the appellant was present when the sentence was imposed, as required by Article 42.02, V.A.C.C.P. and see Garbs v. State, [supra]."* (Emphasis added.)

The appeal was dismissed. If the sentence was insufficient where it failed to reflect that the defendant was present, then *a fortiori* where the instrument affirmatively states the defendant was *not* present, the appeal must be dismissed for want of a proper sentence.

■■■ Prounouncement of sentence is jurisdictional for an appeal to this court. Although most rights and procedural matters may be waived, jurisdictional matters may not be. See 60 Tex.Jur.2d, Waiver, Sec. 10. A sentence being jurisdictional, to permit consensual alteration of its definition would be in effect to permit the requirements for jurisdiction of this court to be altered by consent, or, as in this case, to permit waiver of jurisdictional requisites to appeal to this court.

An analogous situation is found in civil cases regarding residence requirements in divorce actions. Therein the residence requirement may not be waived; it is mandatory and must be plead and proven. Cf. Gilliam v. Riggs, 385 S.W.2d 444 (Tex. Civ.App.) and Kaherl v. Kaherl, 357 S.W. 2d 622 (Tex.Civ.App.)

■■■ A purported sentence which does not meet all the elements of the statutory definition is no sentence at all.

There being no proper sentence in the record, the appeal is dismissed.

DOUGLAS, Judge (dissenting).

Article 1.14, V.A.C.C.P., provides that a defendant in a criminal prosecution for any offense may waive any rights secured to him by law except the right of trial by jury in a capital case where the State seeks the death penalty. Many cases hold that an accused may waive a right to trial by jury, the privilege against self-incrimination, the right to counsel including the right to counsel at sentencing. The majority opinion states that his presence is jurisdictional.

Even though the court was without jurisdiction of the person of the accused, it appears to be the law in most jurisdictions that the defendant may waive his right to be present. See 22 C.J.S. Criminal Law § 161, page 416.

In the present case the appellant had executed a written sworn waiver of his right to be present which was approved by his counsel. Such waiver was filed among the papers of the cause. He was sentenced while his counsel was present.

The matter was not raised by ground of error and no complaint is made by the appellant or the State concerning the right or lack of right to waive presence at the time sentence was pronounced.

The majority goes out of its way to dismiss an appeal which will no doubt cause many delays in future cases. Such a holding will also work a hardship upon those accused who have to travel long distances to be present at the ministerial function of pronouncing sentence even in misdemeanor cases when the actual punishment assessed is only a fine. When it is deemed necessary, a trial court may require the presence of a defendant for sentencing.

For the above reasons, the appeal should not be dismissed.

MORRISON, J., joins in this dissent.