In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00178-CR


______________________________




MELVIN THOMAS WALTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 27295-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Melvin Thomas Walton appeals from his conviction on his plea of guilty to the offense of
forgery. See Tex. Penal Code Ann. § 32.21(d) (Vernon Supp. 2007). The sentence was imposed
September 27, 2007. Walton filed a notice of appeal November 1, 2007. 

 According to Rule 26.2, Walton had thirty days after the day sentence was imposed to file
a notice of appeal, or timely file a motion for new trial and thereby extend his time to file a notice
of appeal. See Tex. R. App. P. 26.2(a)(1), 21.4. Walton's motion for new trial was also filed
November 1, 2007, and therefore was not timely. Walton had until October 29, 2007, to file a notice
of appeal. (1) No motion for extension of time to file his notice of appeal was filed. See Tex. R. App.
P. 26.3. (2) Hence, this appeal is untimely, and we are without jurisdiction to hear this case.

 




 We dismiss this appeal for want of jurisdiction. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 8, 2008

Date Decided: January 9, 2008


Do Not Publish






OPINION ON REHEARING


 Melvin Thomas Walton has filed a motion for rehearing from our dismissal for want of
jurisdiction. We dismissed the appeal because the clerk's record initially demonstrated to us that
Walton's notice of appeal was untimely filed. We now grant Walton's motion for rehearing and
reinstate his appeal, because a judgment nunc pro tunc has been entered making the appeal timely.

 Before explaining that resolution based on the addition to the record before us, we dispel
some erroneous claims made in Walton's motion: that a docket entry controls a conflicting judgment
concerning the date of sentencing; that, in Walton's absence, no formal sentence was imposed; and
that our initial opinion issued prematurely, before the clerk's record was filed with this Court.

 The docket entry: In his motion, Walton states that the date reflected on the trial court's
docket sheet as the date sentencing took place (October 29, 2007) is the date we should have used
in computing the time for filing the notice of appeal, rather than the date sentence was imposed as
initially reflected on the trial court's judgment (September 27, 2007). A docket sheet, however, is
not part of the official trial court record and is, therefore, not proper evidence on which an appellant
may rely. Cooks v. State, No. 05-02-00485-CR, 2003 WL 203513, at *2 (Tex. App.--Dallas
Jan. 31, 2003, pet. ref'd) (not designated for publication); see Pifer v. State, 893 S.W.2d 109, 111
(Tex. App.--Houston [1st Dist.] 1995, pet. ref'd).

 Appellate courts are skeptical of docket sheet notations. See Garcia v. State, 45 S.W.3d 733,
736 (Tex. App.--Corpus Christi 2001, no pet.); State v. Shaw, 4 S.W.3d 875, 878 (Tex.
App.--Dallas 1999, no pet.); Rodriguez v. State, 834 S.W.2d 592, 595 (Tex. App.--Houston [1st
Dist.]), pet. granted in part & ref'd in part; remanded in part on other grounds, 844 S.W.2d 744
(Tex. Crim. App. 1992). The record--in this case, the judgment--not the docket entry, is the
authoritative evidence upon which the parties must rely on appeal. Bell v. State, 734 S.W.2d 83, 84
(Tex. App.--Austin 1987, no pet.). 

 Focusing on the judgment, as we must, we note that the official record before us on appeal
reflects an initial judgment indicating that sentence was imposed September 27, 2007. The date
sentence is imposed in a criminal case is the date from which the time table begins to run for the
filing of a notice of appeal. Tex. R. App. P. 26.2. Had that been the end of the story, our initial
opinion would have been accurate in concluding that Walton's appeal was untimely.

 Sentencing in absentia: Walton's motion also contends that, because he was sentenced
in absentia on September 27, there was no formal sentence imposed, citing Casias v. State, 503
S.W.2d 262 (Tex. Crim. App. 1973). (3) We disagree. In all prosecutions for felonies, the defendant
must be personally present at the trial, and he or she must likewise be present in all cases of
misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however,
that in all cases, when the defendant voluntarily absents himself or herself after pleading to the
indictment or information, or after the jury has been selected when trial is before a jury, the trial may
proceed to its conclusion. Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 2006). When the record
in the appellate court shows that the defendant was present at the commencement, or any portion of
the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he or
she was present during the whole trial. Id. 

 Initial opinion not premature: Walton also erroneously indicates in his motion for rehearing
that the clerk's record in this case had not been filed with our Court at the time we dismissed the
case. The official record from the district clerk was received in this Court December 21, 2007; our
opinion issued January 9, 2008. (4)

 Judgment nunc pro tunc: We are now in receipt of the supplemental clerk's record containing
a judgment nunc pro tunc entered by the trial court, reflecting that sentence was imposed in this case
October 29, 2007, rather than September 27, 2007, as initially stated. Walton's notice of appeal was
filed November 1, and is therefore timely.

 Because the judgment nunc pro tunc makes Walton's notice of appeal timely, we reinstate
the appeal on the docket of this Court.






 Josh R. Morriss, III

 Chief Justice


Date: February 21, 2008

1. Because the actual due date, October 27, 2007, was a Saturday, Walton had until Monday,
October 29, 2007, to file his notice of appeal. See Tex. R. App. P. 4.1.
2. While it is true the Texas Supreme Court interprets Rule 26.3 liberally, implying a motion
for extension where a notice of appeal is filed within the fifteen days immediately following the
notice's due date (see Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)), the Texas Court of
Criminal Appeals interprets the rule strictly, requiring a notice of appeal and a motion for extension
within the fifteen-day period. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998);
Olivo v. State, 918 S.W.2d 519, 522-26 (Tex. Crim. App. 1996).
3. See Tex. Code Crim. Proc. Ann. arts. 42.02, 42.14 (Vernon 2006).
4. On receipt of our opinion, David J. Ingram, counsel for appellant, telephoned our deputy
clerk in charge of criminal cases, inquiring into the reasons of the Court in dismissing the case. We
take this opportunity to remind Mr. Ingram that he is expected to communicate with this Court and
its staff in a respectful, professional, and courteous manner. Standards for Appellate Conduct,
Lawyers' Duties to the Court 8 ("Counsel will be civil and respectful in all communications with
the judges and staff.").