

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00376-CR

Andell Brymonte **PITTMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR2518
Honorable Raymond Angelini, Judge Presiding[1]

Opinion by:     Luz Elena D. Chapa, Justice
Dissenting Opinion by: Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 9, 2023

ABATED AND REMANDED

Appellant Andell Pittman appeals his judgment of conviction for burglary of a habitation

with intent to commit assault. He argues (1) his sentencing via videoconference violated his right

to be physically present for sentencing; (2) he was subject to double jeopardy for multiple

punishments for the same offense; and (3) the trial court failed to accord him all the time credit he

was owed based on time served. Because Pittman was sentenced via videoconference and did not

---

[1] Sitting by assignment.

affirmatively waive his right to be present, the sentence in the record is improper, and the appeal is abated and the cause is remanded for a new sentencing hearing.

## BACKGROUND

Pittman was indicted for two counts of burglary of a habitation with intent to commit assault in 2016. The State dropped the second count, and a jury found him guilty in 2021. During the sentencing hearing, Pittman appeared remotely via videoconference, and the trial court sentenced him via videoconference to twenty years' imprisonment with credit for time served. This appeal followed.

## THE RIGHT TO BE PRESENT AT SENTENCING

Pittman argues his sentencing via videoconference is defective because it violates article 42.03 § 1(a) of the Code of Criminal Procedure and it violates his constitutional right to be physically present for sentencing. In response, the State argues Pittman was present for his sentencing in "every real sense."

### A. Standard of Review

We construe the meaning of article 42.03 § 1(a) de novo. *See Lira v. State*, 666 S.W.3d 498, 506 (Tex. Crim. App. 2023). "When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation." *Id.* at 505. "In so doing, we necessarily focus our attention on the plain text of the statutes and attempt to discern the fair, objective meaning of the text at the time of its enactment." *Id.* "Our duty is to try to interpret the work of our legislature as best we can to fully effectuate the goals they set out." *Id.* "In interpreting the text of statutes, we presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Id.* "We do not focus solely upon a discrete provision; we look at other statutory provisions as well to harmonize provisions and avoid conflicts." *Id.* "Accordingly, time-honored canons of interpretation, both

semantic and contextual, can aid interpretation, provided the canons esteem textual interpretation."

*Id.* at 505-06.

## B. Statutory Provisions Addressing the Sentence and the Defendant's Presence

Article 42.03 § 1(a) of the Code of Criminal Procedure states: "Except as provided in Article 42.14, [the] sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. art. 42.03, § 1 (a). In order to construe the meaning of § 1(a) of article 42.03, we must determine the purpose of the article 42.14 exception, whether there is a statutory definition for "sentence," and what is meant by "the defendant's presence." Article 42.14(b) provides: "[T]he judgment and sentence may be rendered in the absence of the defendant" in a felony case "*only if*":

(1) the defendant is confined in a penal institution;

(2) the defendant is not charged with a felony offense: (A) that is listed in Article 42A.054(a); or (B) for which it is alleged that: (i) a deadly weapon was used or exhibited during the commission of the offense or during immediate flight from the commission of the offense; and (ii) the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited;

(3) the defendant in writing before the appropriate court having jurisdiction in the county in which the penal institution is located: (A) waives the right to be present at the rendering of the judgment and sentence or to have counsel present; (B) affirms that the defendant does not have anything to say as to why the sentence should not be pronounced and that there is no reason to prevent the sentence under Article 42.07; (C) states that the defendant has entered into a written plea agreement with the attorney representing the state in the prosecution of the case; and (D) requests the court to pronounce sentence in the case in accordance with the plea agreement;

(4) the defendant and the attorney representing the state in the prosecution of the case have entered into a written plea agreement that is made a part of the record in the case; and

(5) sentence is pronounced in accordance with the plea agreement.

*Id.* art. 42.14(b) (emphasis added). Article 42.02 of the Code of Criminal Procedure defines the sentence as "that part of the judgment, . . . that orders that the punishment be carried into execution in the manner prescribed by law." *Id.* art. 42.02.

Chapter 42 does not define "the defendant's presence" in article 42.03 § 1(a). However, similar statutory provisions regarding sentencing have been interpreted by the Court of Criminal Appeals to mean physical presence. *See Casias v. State*, 503 S.W.2d 262, 265 (Tex. Crim. App. 1973) (interpreting predecessor statute providing sentence to be "made in the presence of the defendant" to conclude there was "no sentence at all" because defendant was absent during oral pronouncement of sentence); *see, e.g.*, *Lira*, 666 S.W.3d at 518 (stating same, citing *Casias*); *see also Presence*, BLACK'S LAW DICTIONARY (11th ed. 2019) *available at* Westlaw (defining presence as "The quality, state, or condition of being in a particular time and place, particularly with reference to some act that was done then and there" and "[c]lose physical proximity coupled with awareness").

The Court of Criminal Appeals recently addressed substituting a defendant's physical presence in favor of the defendant appearing virtually via videoconference in *Lira v. State*. In *Lira*, the defendants' plea hearings were conducted by videoconference without the defendants' express consent. 666 S.W.3d at 503. The defendants appealed and "argued that their statutory right to enter a guilty plea in person in open court was a substantive right" and therefore not subject to the provision in the Texas Supreme Court's emergency orders permitting "the modification or suspension of deadlines and procedures." *Id.* The court of appeals agreed with the defendants. *Id.* The court then granted review to determine whether the "Texas Supreme Court's 'Seventeenth Emergency Order Regarding the COVID-19 State of Disaster' authorize[d] a trial court to conduct a plea proceeding via videoconference despite the lack of a defendant's written consent." *Id.* at 502-03.

The court answered the question in the negative, explaining "emergency orders modifying deadlines and procedures could not be used to suspend a party's substantive rights," and the right to enter a guilty plea in person was a substantive right. *Id.* at 502-03. The statutes at issue, articles 1.15 and 27.13 of the Code of Criminal Procedure, provide a defendant with the right to enter a plea "in person." *Id.* at 512. Article 27.19 of the Code of Criminal Procedure established "only two methods" of waiving this right: (1) following the procedures in article 27.18 for videoconference, including written consent filed by the defendant and his attorney; and (2) "a plea in absentia precipitated by a defendant's written waiver of his rights after sufficient notice of those rights." *Id.* at 515. The *Lira* court also identified a series of statutes providing for appearances via electronic means suggesting the use of "in person" in articles 1.15 and 27.13 was purposeful and courts were not permitted to "overlook the legislature's obvious textual determinations." *Id.* at 513 (citing TEX. CODE CRIM. PROC. arts. 15.03(c), 15.17(a), 17.292(j), 43.03(f), 45.0201, 45.046(c), and 63.004(b) as examples of provisions providing for appearances via electronic means).

In support of its reasoning, the court traced the substantive statutory right to enter a plea in person to the U.S. Constitution:

> The United States Supreme Court has recognized that the right to be present in the courtroom at every stage of trial is guaranteed by the Confrontation Clause of the Sixth Amendment. It is also based in the Due Process Clauses of the Fifth and Fourteenth Amendments and applies at any stage of the criminal proceeding that is critical to its outcome, if the defendant's presence would contribute to the fairness of the procedure.

*Id.* at 511 (footnotes and internal quotation marks omitted); *see also* TEX. CODE CRIM. PROC. art. 33.03 ("In all prosecution for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when

trial is before a jury, the trial may proceed to its conclusion."). The plea proceeding, according to the Court of Criminal Appeals, was likewise "a stage at which a defendant's presence is critical to the outcome," and specifically implicated additional constitutional rights including "the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment," "the right to trial by jury," and "the right to confront one's accusers." *Lira*, 666 S.W.3d at 511 (quoting *Boykin v. Alabama*, 395 U.S. 238 (1969)). The court elaborated on the right of confrontation's scope, explaining a defendant "threatened with loss of liberty be physically present at all phases of proceedings against him, absent a waiver of that right through defendant's own conduct. Physical presence is personal to the accused and cannot be disregarded or ignored by the courts without affirmative action or assent by the accused." *Id.* at 511-12 (quoting *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985)) (internal quotation marks omitted).

The court also identified the case as "similar to" circumstances where the Court of Criminal Appeals has "held that the lack of a defendant's presence [for sentencing] affected a court's jurisdiction and authority," citing *Casias v. State*. *Id.* at 518. In *Casias*, the *Lira* court explained:

> the statutory definition of a sentence included a requirement that it be made in the presence of the defendant. We then went on to hold that, even if a defendant had waived his right to be present at sentencing, a sentence rendered outside of the defendant's presence was no sentence at all. Because [p]ronouncement of sentence is jurisdictional for an appeal to this court, we held that the lack of a proper sentence required the appeal to be dismissed. Here, the governing statute similarly requires a defendant's presence (either in person or through Article 27.19) as a condition to the proper waiver [of] his right to trial by jury.

*Id.* (alteration in original) (quoting *Casias*, 503 S.W.2d at 263, 265) (footnotes and internal quotation marks omitted).

Here, the statutory definition of sentence no longer includes the physical presence of the defendant. Nevertheless, the governing statutory scheme for felony sentencing establishes a defendant's absence for sentencing is only permitted by compliance with the provisions of article

42.14(b) of the Code of Criminal Procedure. And as *Lira* observed, the legislature has not hesitated to specify when criminal proceedings were permitted to proceed via electronic means. *See id.* at 513 & n.73 (citing TEX. CODE CRIM. PROC. arts. 15.03(c), 15.17(a), 17.292(j), 43.03(f), 45.0201, 45.046(c), and 63.004(b) as examples of provisions providing for appearances via electronic means).

To summarize the governing statutory context surrounding Pittman's sentencing via videoconference, the sentence is the part of the judgment that orders the punishment, and the trial court shall pronounce it with the defendant physically present. TEX. CODE CRIM. PROC. arts. 42.02, 42.03. The trial court may render the sentence in the defendant's *absence* in felony cases only if the defendant: (1) is confined; (2) has not been charged with certain enumerated felonies identified in article 42A.054(a); (3) writes to the trial court in compliance with article 42.14(b)(3) including by expressly waiving "the right to be present at the rendering of the judgment and sentence or to have counsel present"; and (4) the trial court pronounces a sentence in accordance with a plea agreement entered into by the defendant. *Id.* art. 42.14(b). In other words, unless a defendant in a felony case complies with the requirements of article 42.14(b) of the Code of Criminal Procedure, the trial court must render the judgment and sentence with the defendant physically present in the courtroom. *See id.* 42.02, 42.03, 42.14(b); *Lira*, 666 S.W.3d at 518; *Casias*, 503 S.W.2d at 265.

Applying this legal framework, the State concedes Pittman was not physically present for sentencing. The State nevertheless contends Pittman did not object to being sentenced via videoconference, and therefore, he waived the issue. The State does not cite a single case supporting this position. *See* TEX. R. APP. P. 38.2(a)(1); *see also Lira*, 666 S.W.3d at 518. Even if it had, under this statutory framework, we cannot conclude Pittman waived his statutory right to his physical presence during sentencing. We recognize neither Pittman nor his counsel objected to sentencing via videoconference. However, Article 42.03 § 1(a) of the Code of Criminal Procedure

establishes the only exception to pronouncing the sentence in a felony case without the defendant physically present is under article 42.14(b). *See* TEX. CODE CRIM. PROC. arts. 42.03 § 1(a), 42.14. In other words, "[t]he legislature created an entire statutory scheme to accommodate a defendant who desired to [be absent during his sentencing]." *Lira*, 666 S.W.3d at 515. Applying the provisions of 42.14(b), Pittman did not write to the trial court expressly waiving the right to his physical presence at the rendering of the judgment and sentence. *See* TEX. CODE CRIM. PROC. art. 42.14(b). Nor did he enter into a plea agreement. *See id.* We therefore cannot conclude, under this statutory framework, that Pittman at any time waived his statutory right to his physical presence at sentencing.

The State further contends that even if he had objected, the trial court was entitled to sentence him via videoconference pursuant to the Supreme Court's 40th emergency order regarding COVID-19, which permitted the trial court to suspend or modify any procedure imposed by statute. However, the Court of Criminal Appeals explicitly rejected this contention in *Lira*, explaining "emergency orders modifying deadlines and procedures could not be used to suspend a party's substantive rights or a procedure that involves a trial court's authority," and the right to enter a guilty plea in person was one such substantive right. 666 S.W.3d at 503. Based on the Court of Criminal Appeals' reasoning in *Lira*, the right to one's physical presence for sentencing is a substantive statutory right not subject to suspension or modification via the Supreme Court's emergency orders. *See id.* at 509 ("As we noted in [*In re State ex rel. Ogg*, 618 S.W.3d 361 (Tex. Crim. App. 2021)], it would be patently absurd to regard a generically framed order authorizing the modification of statutory deadlines and procedures as conferring upon a trial court the power to abrogate a defendant's statutory right to a jury trial at punishment. It is equally absurd to regard the same Emergency Order at issue in *Ogg* as conferring upon a trial court the power to abrogate

a defendant's statutory right to be personally present in open court to enter his plea." (footnote omitted)).

Because Pittman did not affirmatively waive his right to be physically present, and because no state emergency orders permitted the trial court to abrogate Pittman's right to his presence, there is no proper sentence in the record, and this court therefore lacks jurisdiction. *See id*. at 519; *Casias*, 503 S.W.3d at 265.[2]

### C. Proper Remedy

Because there is no proper sentence in the record, we must determine the appropriate remedy. Rule 44.4 of the Texas Rules of Appellate Procedure provides "[a] court of appeals must not . . . dismiss an appeal if: (1) the trial court's erroneous action . . . prevents the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action." TEX. R. APP. P. 44.4(a). Subsection (b) of Rule 44.4 provides "[i]f the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action . . . had not occurred." *Id.* 44.4(b). In *Meachum v. State*, the Fourteenth Court of Appeals applied Rule 44.4 when it determined it lacked jurisdiction because the defendant was sentenced in absentia. 273 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (order). Rather than dismiss the case, the *Meachum* court abated and remanded the case to the trial court for a new sentencing hearing. *Id.*; *see, e.g.*, *Keys*, 340 S.W.3d at 529 (same, citing *Meachum*).[3]

---

[2] *See Lira*, 666 S.W.3d at 518 (rejecting state's contention harmless error analysis applied). *But see id.* at 525 (Keller, J., dissenting) ("Even if constitutional error had occurred, only a very limited class of constitutional errors have been labeled by the Supreme Court as "structural," and the right to presence during plea or trial proceedings is not one of those." (footnote omitted)).

[3] *Cf. San Nicolas v. State*, No. 04-18-00537-CR, 2018 WL 6793272, at *1 (Tex. App.—San Antonio Dec. 27, 2018) (acknowledging *Keys* and *Meachum* applying rule 44.4 but reasoning case at bar was rare and more akin to *Cook v. State*, No. 06-14-00005-CR, 2014 WL 12740149, at *2 (Tex. App.—Texarkana Apr. 3, 2014, no pet.) (mem. op., not

Here, abating and remanding the case to the trial court is a "proper and more efficient remedy," and Rule 44.4 provides the procedural vehicle for the trial court to correct its action. *See* TEX. R. APP. P. 44.4; *Keys*, 340 S.W.3d at 529; *Meachum*, 273 S.W.3d at 806.

## CONCLUSION

We abate the appeal and remand the cause to the trial court. On remand, the trial court shall hold a new sentencing hearing in Pittman's physical presence.

Luz Elena D. Chapa, Justice

PUBLISH

---

designated for publication) because appellant had fled, remained at-large, and it was unclear if he would ever be resentenced).