used for enhancement, became final. The certified copy of the judgment and sentence reflects that the judgment was rendered and the sentence was pronounced on the 1st day of December, 1964. There is nothing in the sentence, or any part of the record, offered by the State in Cause No. 29,756, to show that appellant or his counsel gave notice of appeal. Thus, there was no burden on the State to negate appeal of this case. See Le Fors v. State, 161 Tex. Cr.R. 544, 278 S.W.2d 837. We reject appellant's contention that the State failed to prove that this offense occurred after the conviction used for enhancement became final.

Contrary to appellant's last contention, we conclude that the evidence is sufficient to support the conviction.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from revocation of probation.

The record does not contain a sentence imposed after the revocation of probation. Art. 42.04, Vernon's Ann.C.P. requires that a sentence be imposed prior to appeal. Anderson v. State, Tex.Cr.App., 421 S.W.2d 667.

The appeal is dismissed.

---

**Billy Joe WOODS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44384.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

**PILGRIM EQUIPMENT COMPANY OF HOUSTON, Appellant,**

**v.**

**The STATE of Texas et al., Appellees.**

**No. 15811.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1971.

Rehearing Denied Dec. 2, 1971.