**Paul Otto MENNIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46876.**

Court of Criminal Appeals of Texas.

May 1, 1973.

**800**

John J. C. O'Shea, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The State has filed a motion moving the dismissal of this appeal.

The appellant was convicted for the misdemeanor offense of driving and operating a motor vehicle on a public highway while intoxicated. The punishment assessed by the court was forty-five days confinement in the County Jail and a fine of $200.00. Probation was granted under the provisions of Article 42.13, Vernon's Ann.C.C.P.

On October 3, 1972, after a hearing on the State's motion to revoke probation, an order revoking probation and a judgment were entered.

■ The recitations in the instrument entitled "Order Revoking Probation" are not sufficient that the instrument may also serve as the sentence in this case. It does not reflect that the appellant was present when the sentence was imposed, as required by Article 42.02, V.A.C.C.P. and see Garbs v. State, 155 Tex.Cr.R. 290, 234 S.W.2d 869 (1950).

In Botley v. State, 467 S.W.2d 267 (Tex. Cr.App.1971), this court pointed out that "It must be remembered that a "judgment" and "sentence" are not the same thing; the two are distinct and independent." See also Clemons v. State, 414 S.W.2d 940 (Tex.Cr. App.1967) and Black v. State, 473 S.W.2d 469 (Tex.Cr.App.1971).

The appellant urges in his brief that there is a sufficient sentence and that it need not show that the appellant was present when it was imposed,[1] because Article 42.14, V.A.C.C.P. provides that: "The judgment and sentence in a misdemeanor case may be rendered in the absence of the defendant."

In Millman v. State, 487 S.W.2d 750 (Tex.Cr.App.1972), this court recognized that there was a partial conflict between Articles 42.02 and 42.14, V.A.C.C.P. In construing these statutes it was held that a sentence in a misdemeanor case must be pronounced in the presence of the defendant where the maximum possible punishment could have been confinement in jail.

1. The docket sheet in the record reflects the appellant was sentenced in abstentia.

The court further held that the provisions of Article 42.14 applied to misdemeanor cases where the maximum possible punishment was by fine only.

■ For the reason that the sentence in this record is insufficient, the appeal will be dismissed. See Article 42.04, V.A.C.C.P. and Woods v. State, 473 S.W.2d 945 (Tex.Cr.App.1971). The State's motion to dismiss this appeal will be granted.

It is so ordered.

Opinion approved by the Court.