**Icy McGee WADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47947.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

Daylee Wiggins, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. On June 11, 1971, the appellant was convicted for the offense of robbery after he entered a plea of guilty before the Court. The punishment assessed was eight years' imprisonment, probated. On August 8, 1973, the Court entered an order revoking probation, reduced the appellant's punishment from eight to five years and imposed sentence.

The appellant urges that the record does not contain either a revocation order or a sentence. We construe an undenominated instrument in the record to be sufficient to constitute an order of revocation and a sentence.[1] Having construed the instrument in the record as incorporating the re-

---

1. The record contains what appears to be two pages of a three page instrument. Only the bottom two lines of the second page of the instrument extend below the Xerox copy of the first page. We have determined, however, that the requisites of a valid sen-

quirements of a valid sentence, the case is properly before us for review.

The appellant contends the trial court has abused its discretion in revoking probation because the evidence does not support the order.

On November 10, 1972, after hearing the State's motion to revoke probation, the Court entered an order finding that the appellant had violated the terms and conditions of probation "by committing the offense of aggravated assault on a police officer in Jefferson County, Texas, on or about the 11th day of October, 1972." After making such finding the Court permitted the appellant to remain on probation. The transcription of the court reporter's notes on this hearing is not in the record for our review and in the absence of the same this Court cannot pass upon the question of whether the trial court abused its discretion in revoking probation.

The Court's order entered after the hearing on August 8, 1973, properly incorporated the above finding of a violation of probation. See Lee v. State, 172 Tex.Cr.R. 240, 355 S.W.2d 715 (1962). In addition the Court found that the appellant had violated the terms and conditions of probation "by leaving Jefferson County, Texas, on or about the 1st day of March, 1973, without the permission of the Criminal District Court of Jefferson County, Texas." The last finding is supported by the appellant's plea of "true" to such an allegation in the revocation motion and by his stipulation and admission in Court that he left Jefferson County on March 1, 1973, without permission and that he, along with two other persons, was apprehended by police officers in Lake Charles, Louisiana, in an automobile alleged to have been stolen.

We find no abuse of discretion in the revocation of probation and the judgment is affirmed.

Opinion approved by the Court.

tence and order of revocation are presented. See and compare Mennis v. State, 493 S.W. 2d 799 (Tex.Cr.App.1973) where the pro-

visions of an order revoking probation could not be construed as incorporating a valid sentence.