**Paul Otto MENNIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46876.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

John J. C. O'Shea, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

## ON MOTION TO REINSTATE THE APPEAL

ODOM, Judge.

This appeal is from an order revoking probation. On original submission the appeal was dismissed because of an insufficient sentence. Mennis v. State, Tex.Cr. App., 493 S.W.2d 799. As noted in the footnote at page 800: "The appellant was sentenced in abstentia." Compare Casias v. State, 503 S.W.2d 262 (1973). The record reflects that thereafter, on May 4, 1973, the appellant appeared in person before the court and sentence was properly pronounced against him. The appeal is reinstated and we will consider the contentions raised by appellant.

The appellant was convicted for the misdemeanor offense of driving and operating a motor vehicle upon a public highway while intoxicated. The punishment was assessed at 45 days' confinement and a fine of $200.00. Probation was granted and one of the terms and conditions was that appellant should "maintain total abstinence from the use or possession of alcoholic beverages while operating a motor vehicle."

On October 3, 1972, after a hearing on the motion to revoke probation for the alleged violation, the court entered an order revoking the probation and a judgment was entered.

Appellant contends that the court erred in overruling his motion to dismiss the motion to revoke alleging that it did not give him notice of the charges against him.

The record reflects that the motion states that on "the 9th day of July, 1972, the pro-

bationer did not maintain total abstinence from use or possession of alcoholic beverages while operating a motor vehicle on a public highway." Appellant moved to dismiss the motion and, after the word "possession" was stricken, the court overruled appellant's motion to dismiss.

■■ We conclude that the motion to revoke was sufficient to apprise appellant that he did use alcoholic beverages while operating a motor vehicle on a public highway. The record reflects that on July 9, 1972, (approximately three months after appellant was placed on probation) appellant was stopped by an officer when he observed appellant driving on the wrong side of the road. The officer testified that the appellant was unsteady, slow of reaction, and his breath smelled of alcoholic beverages. The officer further testified that in his opinion the appellant was "tight." This testimony was sufficient to show that the appellant violated his probation and no abuse of discretion has been shown by the trial court's revoking the same.

The judgment is affirmed.